CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
1/26/2023
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
      DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| United States of America | Case No. 6:19-cr-00002 |
| v. | MEMORANDUM OPINION AND ORDER |
| Dexter Lee Evans,<br>*Defendant.* | Judge Norman K. Moon |

Before the Court are Defendant's motions seeking a reduction of his sentence, in which he argues that extraordinary and compelling reasons support compassionate release. Dkts. 185, Dkt. 191. The Court will deny the motions because a defendant may not use a compassionate release motion to challenge the validity of his sentence.

Defendant argues that intervening change in the law between the time of his guilty plea and his sentencing created a substantial disparity in his sentence, which demands compassionate release. Defendant cites *United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019), wherein the Fourth Circuit held that a "conspiracy" conviction under 21 U.S.C. § 846 does not qualify as a "controlled substance offense" under U.S.S.G. §§ 4B1.1 and 1.2. Dkt. 191 at 3. In Defendant's view, because of *Norman*, he would not qualify as a career offender either at the time of sentencing or today, and he did not benefit from the change in law that occurred between his guilty plea and his sentencing. *Id.* at 4.

Defendant's argument fails. The Fourth Circuit recently held that a defendant "cannot challenge the validity of his convictions and sentence through a compassionate release motion."

*United States v. Ferguson*, 55 F.4th 262, 265 (4th Cir. 2022).[1] A defendant's "challenge to his original sentence is not properly brought as part of a compassionate release motion. . . . sentencing errors are addressed through objections to the PSR, direct appeals, and habeas petitions, not compassionate release motions." *United States v. Dillman*, No. 5:11-cr-00044, 2021 WL 3083034, at *8 (W.D. Va. July 21, 2021). As this case presents a quintessential challenge to the validity of the defendant's original sentence, *Ferguson* precludes Defendant from moving for a sentence reduction on this theory through a compassionate release motion, 18 U.S.C. § 3581(c)(1)(A). As in *Ferguson*, Defendant argues (as he must) that his "Guidelines range was calculated incorrectly" *at the time of his sentencing*. *See* 55 F.4th at 266; Dkt. 191 at 4. That is because *Norman*—the precedent he relies on to argue that he should not have been considered a career offender under the Guidelines—was issued *before* he was sentenced.[2] Accordingly, "[b]ecause § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements." *Ferguson*, 55 F.4th at 270.

Defendant also argues that § 3553(a) factors support a sentence reduction. He has been in federal custody since being arrested on January 25, 2019, having served around 48 months,

---

[1] Defendant's motions were filed before *Ferguson*, and at that point courts within the Fourth Circuit had found they "may consider changes in sentencing law—even nonretroactive ones—in assessing whether a defendant has shown extraordinary and compelling reasons warrant a reduction in his sentence." *United States v. Stuart*, No. 5:92-CR-114-BR-3, 2020 WL 7232074, at *3 (E.D.N.C. Dec. 8, 2020). Now, after *Ferguson*, the Court recognizes that, unlike in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), defendants cannot argue that "a change in the sentencing law that occurred *after* their sentencings (but did not apply retroactively) merited a reduction in their sentences to conform to the change." *Ferguson*, 55 F.4th at 271 (citing *McCoy*, 981 F.3d at 275) (emphasis added).

[2] The Fourth Circuit issued *Norman* on August 15, 2019, while Defendant was sentenced on February 28, 2020. Dkt. 120.

which is around 36% of his total 132-month sentence. He asserts that "[t]he need for the sentence to provide just punishment is diminished, as the career offender enhancement increased his sentence to around 270% of what he should have received under *Norman*." Dkt. 191 at 7. He has not had any disciplinary infractions and has maintained constant, gainful employment during his incarceration. *Id.* (citing Ex. 1, BOP Record at 1, 2). Further, Defendant argues that "[g]ood conduct and responsible behavior demonstrate that he has taken meaningful steps to self-reform and is not a danger to the community." *Id.*

He asserts that the nature and circumstances of his underlying offense weigh against incarceration. *Id.* at 8. He was incarcerated for a non-violent drug charge after having been "exposed to controlled substance[s] at a very young age, and [he] did not have the resources to overcome addiction." *Id.* at 8 (citing Dkt. 88 ("PSR") at 21). At age thirteen, Defendant was exposed to marijuana. *Id.* He used cocaine in his twenties. *Id.* (citing PSR at 21). Though he attended a Virginia Safety Action Program around 2009, he has not received other drug treatment or training in the last decade. *Id.* (citing PSR at 22). He argues that he could accomplish more outside prison, going to private therapy and obtaining employment that would help him provide for his children. *Id.*[3] These reasons do not qualify as extraordinary and compelling circumstances justifying compassionate release.

For these reasons, Defendant's motions for a reduction in sentence are hereby **DENIED**. Dkts. 185, 191.

The Clerk of the Court is hereby directed to send this Memorandum Opinion and Order to all counsel of record.

---

[3] Defendant previously sought compassionate release in part because of the need to care for his daughter, whose mother was also set to be incarcerated. Dkt. 160 at 3–4.

– 4 –

Entered this  26th  day of January, 2023.

                                                NORMAN K. MOON
                                                UNITED STATES DISTRICT JUDGE